Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Cindy Chan (SBN 247495)
cchan@blakelylawgroup.com
BLAKELY LAW GROUP
915 North Citrus Avenue
Hollywood, California 90038
Telephone: (323) 464-7400
Facsimile: (323) 464-7410

*Attorneys for Plaintiff*
*Chrome Hearts, LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHROME HEARTS, LLC, a Delaware Limited Liability Company,<br><br>                    Plaintiff,<br><br>     vs.<br><br>ACE ACCESSORY, INC., a California Corporation; ALIREZA ZANDINEJAD, an individual; and DOES 1-10, inclusive,<br><br>                    Defendants. | CASE NO. 2:12-cv-08349-DMG-RZ<br><br>**ORDER RE CONSENT JUDGMENT INCLUDING PERMANENT INJUNCTION AND VOLUNTARY DISMISSAL OF ACTION WITH PREJUDICE [19]** |

WHEREAS Plaintiff Chrome Hearts, LLC and Defendants Ace Accessory, Inc. and Alireza Zandinejad have entered into a Settlement Agreement and Mutual Release as to the claims in the above referenced matter, and Defendants having agreed to consent to the below terms, it is hereby **ORDERED, ADJUDGED, and DECREED** as among the parties hereto that:

1.      This Court has jurisdiction over the parties to this Final Consent Judgment and has jurisdiction over the subject matter hereof pursuant to 15 U.S.C. § 1121.

2.      Chrome Hearts is the owner of the word/mark "Chrome Hearts" and various composite trademarks comprising the Chrome Hearts mark and assorted design components (hereinafter collectively the "Chrome Hearts Marks"). Chrome Hearts'

most iconic and well recognized trademarks include, but are not limited to, the following trademark registrations:

| Mark | U.S. Registration No(s). | Goods/Services |
|---|---|---|
| CH Plus Mark | 3,385,449 | Jewelry, namely, bracelets, rings, watch bands, necklaces and lighters made of precious metals |
| CH Cross Mark | 3,605,860 | Jewelry, namely, rings, earrings, pendants, necklaces, bracelets, cuff bracelets, cuff links, watch bracelets and key rings made of precious metals |
| Classic Oval Mark | 3,784,782 | Hair accessories, namely, hair clips, barrettes, hair bands, buttons, hair pins and ribbons |

3. In addition to owning numerous trademark registrations to the Chrome Hearts Marks, Plaintiff also owns several copyright registrations thereto, including the following: CH Cross Mark (U.S. Copyright Reg. No. VA 705-193) and the CH Plus Mark ("Cross # 4" of Reg. No. VA 705-233) (hereinafter collectively "Copyrighted Works").

4. Plaintiff has alleged that Defendants, with one product or more, have violated Plaintiff's rights in and to one or more of its trademarks and/or copyrighted works (collectively "Disputed Products"), and that said alleged infringing activities constitute trademark infringement, trademark dilution, copyright infringement and unfair competition under federal and state law.

5. Defendants and their agents, servants, employees and all persons in active concert and participation with them who receive actual notice of this Final Consent

Judgment are hereby permanently restrained and enjoined from infringing upon Plaintiff's trademarks either directly or contributorily in any manner, including:

    (a)    Manufacturing, purchasing, producing, distributing, circulating, selling, offering for sale, importing, exporting, advertising, promoting, displaying, shipping or marketing Disputed Products and/or any other products bearing a mark or feature identical and/or confusingly similar to Plaintiff's Chrome Hearts' trademarks and/or copyrighted works;

    (b)    Delivering, holding for sale, returning, transferring or otherwise moving, storing or disposing in any manner the Disputed Products except as otherwise permitted by the parties Settlement Agreement;

    (c)    Using the Chrome Hearts Marks and/or Copyrighted Works or any reproduction, counterfeit, copy or colorable imitation thereof in connection with the manufacture, importation, distribution, advertisement, offer for sale and/or sale of merchandise comprising not the genuine products of Plaintiff, or in any manner likely to cause others to believe that Defendants' products are connected with Plaintiff or Plaintiff's genuine merchandise;

    (d)    Committing any other acts calculated to cause purchasers to believe that Defendants' products are Plaintiff's genuine merchandise or associated with Plaintiff in any way;

    (e)    Assisting, aiding or attempting to assist or aid any other person or entity in performing any of the prohibited activities referred to in Paragraphs 5(a) to 5(d) above.

6.    Plaintiff and Defendants shall bear their own costs and attorneys' fees associated with this action.

7.    The execution of this Consent Judgment shall serve to bind and obligate the parties hereto.  The action is dismissed with prejudice.  However, dismissal with prejudice of this action shall not have preclusive effect on those who are not a party to

1  this action, including but not limited to the suppliers and/or source of the Disputed
2  Products, all claims against whom Plaintiff expressly reserves.
3       8.    The jurisdiction of this Court is retained for the purpose of making any
4  further orders necessary or proper for the construction or modification of this Final
5  Judgment, the enforcement thereof and the punishment of any violations thereof.
6  Except as otherwise provided herein, this action is fully resolved with prejudice.

**IT IS SO ORDERED.**

DATED:  March 20, 2013

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE